UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

---

Bricklayers and Allied Craftworkers Service Corporation, a Minnesota nonprofit corporation,

        Plaintiff,

vs.

West River Masonry, Inc., a South Dakota Business Corporation,

        Defendant.

Civil Action No. _____

---

## COMPLAINT

---

Plaintiff, as and for its Complaint against the Defendant, states and alleges as follows:

### INTRODUCTION

1. This action is brought pursuant to the Employment Retirement Income Security Act of 1974 ("ERISA") to compel Defendant's compliance with its obligations under ERISA and a collective bargaining agreement to which Defendant is bound.

### PARTIES

2. Plaintiff Bricklayers and Allied Craftworkers Service Corporation ("BAC Service Corp."), is a Minnesota nonprofit corporation serving in a fiduciary capacity as the servicing and collection agent for certain tax-exempt entities (collectively referred to

{00864476.1 }

herein as the "BAC Funds") related to the construction trades within the jurisdiction of BAC Local 1 Minnesota/North Dakota/South Dakota ("Local 1").

3. The BAC Funds are established to provide pension, health, vacation, training and other benefits to individuals providing labor in the trades under the jurisdiction of Local 1 for employers who are bound to a collective bargaining agreement, and also to the eligible dependents of such individuals.

4. The BAC Funds are multi-employer, jointly-trusteed, fringe benefit plans created and maintained pursuant to Section 302(c)(5) of the Labor Management Relations Act ("LMRA"), codified at 29 U.S.C. §186(c)(5), and are "multi-employer plans" as defined under ERISA at 29 U.S.C. §1002(37)(A).

5. The BAC Service Corp., as the servicing and collection agent for the BAC Funds, is a fiduciary under ERISA as defined at 29 U.S.C. §1002(21), and is authorized to receive and collect all employer contributions due the BAC Funds and to enforce all obligations relating thereto, including commencing this action under 29 U.S.C. §1132(e)(1).

6. Defendant West River Masonry, Inc. ("West River") is a corporation existing under the laws of the State of South Dakota, having a registered address at 5508 West Elm Street, Black Hawk, SD 57718-9442.

## JURISDICTION AND VENUE

7. This Court has jurisdiction over this action pursuant to 29 U.S.C. §1132(e). Subject matter jurisdiction is conferred by 29 U.S.C. §185, (Section 301 of the Labor Management Relations Act), and also by 28 U.S.C. §1331. To the extent the Court does

not have original jurisdiction over any claim made herein, Plaintiff requests that the Court take supplemental jurisdiction over such claim pursuant to 28 U.S.C. §1367(a).

8.  Venue of this action in this District is proper pursuant to 29 U.S.C. §1132(e)(2), because the BAC Funds and the underlying Plans are administered in Mendota Heights, Minnesota, within the District of Minnesota.

## ALLEGATIONS

### Agreement Obligating West River

9.  West River is signatory to the *Bricklayers and Allied Craftworkers Local Union 1 Minnesota/North Dakota/South Dakota Collective Bargaining Agreement – Rapid City, South Dakota and Surrounding Areas* effective May 1, 2019 ("CBA"), which it executed on October 31, 2019.

10. The CBA has a term of May 1, 2019 through April 30, 2020, and automatically continues yearly thereafter unless written notice of decision to negotiate a new agreement is given in writing by either party not later than 60 days and not more than 90 days prior to the expiration date or any anniversary date thereafter. Neither party to the CBA gave written notice of a decision to negotiate a new agreement within the prescribed time period and, therefore, the CBA remains in full force and effect and West River remains bound thereto.

11. Pursuant to the CBA, West River is obligated to make certain employer contributions to the BAC Service Corp., as the servicing and collection agent for the BAC Funds, for all hours worked by West River's employees in employment covered by the CBA ("Covered Employment").

12. Pursuant to 29 U.S.C. §1145, added to ERISA in 1980, every employer that is obligated to make contributions under the terms of a collective bargaining agreement shall, to the extent not inconsistent with the law, make such contributions in accordance with the terms and conditions of such agreement

13. Pursuant to the CBA and to the *Bricklayers and Allied Craftworkers Service Corporation Policies and Procedures for Collection of Employer Contributions* ("Collection Policy"), adopted by the Plaintiff and governing, among other things, the reporting and payment of employer contributions by signatory employers, each and every month West River is required to submit to the Plaintiff's Third Party Administrator ("TPA") employer contribution *Report Forms* and to pay employer contributions for each hour of Covered Employment performed by West River's employees. The *Report Forms* and employer contributions are due on or before the 15th day of the month following the month in which the work was performed. An employer who fails to timely report and pay employer contributions is referred to as "delinquent."

14. Pursuant to 29 U.S.C. §1132(g)(2)(C) and the Collection Policy, if West River failed to timely pay employer contributions, then, in addition to such contributions, West River became obligated to pay statutory damages in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages in an amount of ten percent (10%) of the unpaid contributions.

15. Pursuant to 29 U.S.C. §1132(g)(2)(D) and the Collection Policy, West River is obligated to pay all costs of collection, including reasonable attorney's fees and costs, incurred by Plaintiff in pursuing collection and in pursuing the present action.

**West River Failed to Comply with Obligations to the BAC Funds**

16. West River has breached its obligations under the CBA as follows:

   a. West River has not submitted monthly reports for work performed in the months of November 2019 through and including May 2020;

   b. West River submitted an untimely monthly report for October 2019 work, submitting the report form on January 24, 2020; and

   c. West River has not made any payment of the employer contributions owing for Covered Employment performed in the months of October 2019 through and including May 2020. Based on the untimely report form submitted by West River for October 2019 Covered Employment, the base employer contributions due and owing for that work alone are $6,866.22.

17. Plaintiff, by and through its TPA and by and through its counsel, has made several written demands upon West River seeking compliance with its obligations under the CBA and ERISA. West River has failed and refused to respond to such demands or otherwise comply with its obligations.

**Obligations Resulting From West River's Failure to Comply**

18. Pursuant to 29 U.S.C. §1132(g)(2), 29 U.S.C. §1145, the CBA, and the Collection Policy, Defendant is required to pay and the Court shall, in addition to

granting such legal or equitable relief it deems appropriate, award to Plaintiff the following:

  A. The unpaid contributions;

  B. Interest on the unpaid contributions from their due date at the rate of 8% per annum, which is the rate provided under the Plan;

  C. Statutory damages under 29 U.S.C. §1132(g)(2)(C) in an amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions; and,

  D. Reasonable attorney's fees and costs of this action.

19. In addition to the foregoing relief, pursuant to 29 U.S.C. §1132(a)(3) Plaintiff is entitled to seek relief enjoining any act or practice which violates any provision of subchapter I of ERISA, and to obtain other appropriate equitable relief (i) to redress such violations or (ii) to enforce any provisions of said subchapter or the terms of the Plan. Such relief includes an Order compelling West River to submit delinquent reporting forms and, if necessary, compelling West River to submit all necessary employment and payroll records and any other relevant information necessary for a fringe benefit audit.

## CLAIM FOR RELIEF

20. Paragraphs 1 through 19 above are incorporated herein.

21. As set forth above, West River has breached the terms and conditions of the CBA, violated ERISA, and is in default of its obligations to the BAC Funds and to the

Plaintiff.

22.  As a result of West River's breaches, Plaintiff is entitled to the relief demanded below.

23.  Plaintiff is entitled to an order compelling West River to complete and submit all delinquent monthly report forms.

24.  Plaintiff is entitled to a monetary judgment against West River for the full amount of all unpaid employer contributions, including any amounts coming due, but unpaid, during the pendency of this action, interest on those unpaid contributions as provided in the plan in the amount of 8% per annum, and an additional amount equal to the greater of (i) interest on the unpaid contributions, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions.

25.  Plaintiff is entitled to an award of all reasonable attorneys' fees and costs incurred by the Plaintiff in pursuing compliance and collection, and in pursuing this action.

**WHEREFORE**, Plaintiff respectfully requests that the Court order that judgment be entered against the Defendant as follows:

1.  Ordering Defendant to immediately submit to the TPA all monthly reports required by the CBA.

2.  Awarding to Plaintiff:

    A.  The sum of all the employer contributions due and owing as of the commencement of this action together with all employer contributions that become due during the pendency of this action;

{00864476.1 }                                    7

    B.    Interest on the unpaid employer contributions from their due date until paid at the rate of 8% per annum;

    C.    Statutory damages in an amount equal to the greater of: 1) interest on the unpaid contributions at 8% per annum;, or (ii) liquidated damages of ten percent (10%) of the unpaid contributions; plus,

    D.    Plaintiffs' reasonable attorney fees and costs incurred in this action.

3.    Granting such other legal or equitable relief as the Court deems appropriate.

**LEONARD, O'BRIEN,**
**SPENCER, GALE & SAYRE, LTD**

Dated: July 1, 2020    By:    /s Thomas C. Atmore
Thomas C. Atmore, #191954
tatmore@losgs.com
100 South Fifth Street, Suite 2400
Minneapolis, Minnesota 55402
Telephone: (612) 332-1030
Facsimile: (612) 332-2740

ATTORNEYS FOR PLAINTIFF